UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Philip Chrysanthus,

Plaintiff,

v.

State of Ohio,

Defendant.

Case No. 3:25-cv-2349

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Philip Chrysanthus filed this action against the State of Ohio. (Doc. No. 1). Plaintiff states that his pension through the Ohio Public Employees Retirement System ("OPERS") is being "unlawfully reduced." (*Id.* at 1). He refers to a "lower court" order and indicates there was a division of property to divide his retirement income which was not performed pursuant to proper procedures. (*Id.*). And he asserts he "will provide evidence concerning embezzlement of Ohio tax dollars out of Ohio diverted to other states by OPERS." (*Id.*). Plaintiff does not identify any legal claims or indicate the relief he seeks.

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). That application is granted. Plaintiff's complaint is dismissed.

## II. STANDARD

*Pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the lenient treatment generally accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation

omitted). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Rule 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A) (internal quotation marks omitted).

## III. ANALYSIS

Plaintiff's complaint is devoid of critical information and fails to meet the minimum pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. Fed. R. Civ. P. 8(a). To meet this minimum notice pleading requirement, the complaint must give the defendant "fair notice" of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett*, 528 F.3d at 437 (citation and internal quotation marks omitted).

Plaintiff's complaint contains so few factual allegations that it is impossible to determine what happened or what the Defendant allegedly did to cause him injury. Without this information, Plaintiff fails to meet Rule 8's minimum pleading requirements. *Iqbal*, 556 U.S. at 678.

Furthermore, the paucity of factual allegations in the complaint fails to suggest a basis for federal court jurisdiction. Unlike state courts, federal courts are courts of limited jurisdiction and do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have "only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Federal courts have the authority to hear a case only when diversity of citizenship exists between the parties or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish he is a citizen of one state and all defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Federal question jurisdiction arises where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983).

Neither type of federal jurisdiction is present here. Plaintiff lists an Ohio address for himself, and the Defendant is the State of Ohio, so diversity of citizenship does not exist. And jurisdiction cannot be based on a federal question because the complaint does not contain a federal cause of action. This lack of subject matter jurisdiction is a fatal defect and requires dismissal of the complaint.

## IV. Conclusion

For the reasons stated above, I grant Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), and conclude Plaintiff's complaint fails to state a claim upon which relief may be granted and fails to establish this Court has subject matter jurisdiction over Plaintiff's case. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I deny Plaintiff's motions to commence litigation, (Doc. No. 3), for costs, (Doc. No. 5), and to stay this litigation, (Doc. No. 6), as well as Defendant's motion to dismiss, (Doc. No. 4), as moot.

I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge